UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SEAN J. MCSHERRY,

                         Plaintiff,

            - against -

OAKLAND'S     RESTAURANT,     INC.,
STEPHANIE  OAKLAND,  and  CHRISTINE
HILL,

                         Defendants.

**COMPLAINT**

Case No.:

Plaintiff, **SEAN P. MCSHERRY** ("Plaintiff") by and through his attorneys, **ZABELL & COLLOTTA, P.C.**, complains and alleges as follows:

## I.    PRELIMINARY STATEMENT

1.    Plaintiff brings this action seeking monetary damages, declaratory relief, and affirmative relief based upon Defendants' violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq.; New York Labor Law ("NYLL"), N.Y. Lab. Law § 190, et seq.; New York State Department of Labor Regulations ("NYDOL Regs"), N.Y.C.R.R. § 142-2.2, common law, and other appropriate rules, regulations, statutes and ordinances.

2.    Plaintiff alleges pursuant to the FLSA and NYLL, that he is entitled to recovery from Defendants: (1) overtime compensation for all hours worked in excess of forty (40) hours per week; (2) minimum wage for all hours worked; (3) "spread of hours" pay for shifts in which Plaintiff's spread of hours exceeded ten (10) hours; (4) interest on all compensation Defendants withheld; (5) an

1

award of $5,000.00; the maximum penalty for violations of NYLL § 195 for Defendants' violation of the Wage Theft Prevention Act; (6) an award of $5,000.00; the maximum penalty for violations of NYLL § 195 for Defendants' failure to furnish wage statements/pay stubs (7) liquidated damages; and (8) attorneys' fees and costs.

## II. JURISDICTION AND VENUE

3. This Court maintains jurisdiction over the claims presented herein pursuant to 28 U.S.C. §§ 1331 and 1367.

4. This Court maintains jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

5. This action properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391, because the events occurred in Suffolk County and because the Parties are residents of Suffolk County.

6. This Court is empowered to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## III.   PARTIES

7. Plaintiff, **SEAN J. MCSHERRY** (*hereinafter* "Plaintiff"), was at all times relevant herein, a domiciliary of the State of New York, residing in Suffolk County, New York.

2

8.    At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and Section 190(2) of the NYLL, N.Y. Lab. Law § 190(2).

9.    Upon information and belief, Defendant, **STEPHANIE OAKLAND**, was at all times relevant herein, a domiciliary of the State of New York.

10.   Upon information and belief, Defendant, **CHRISTINE HILL**, was at all times relevant herein, a domiciliary of the State of New York.

11.   Upon information and belief, Defendant **OAKLAND'S RESTAURANT, INC.**, is a domestic business corporation operating at 365 Dune Rd., Hampton Bays, NY 11946.

12.   Upon information and belief, Defendants **STEPHANIE OAKLAND** and **CHRISTINE HILL** are the co-owners of **OAKLAND'S RESTAURANT, INC.**

13.   Upon information and belief, Defendant **STEPHANIE OAKLAND** (1) has the power to hire and fire employees; (2) supervises and controls employee work schedules and the work environment; (3) determines the rate and method of payment of employees; and (4) maintains employment records for all employees of Defendant **OAKLAND'S RESTAURANT, INC.**

14.   Upon information and belief, Defendant **CHRISTINE HILL** (1) has the power to hire and fire employees; (2) supervises and controls employee work schedules and the work environment; (3) determines the rate and method of payment of employees; and (4) maintains employment records for all employees of Defendant **OAKLAND'S RESTAURANT, INC.**

3

15.   At all times relevant to the Complaint, each Defendant acted as an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and Section 190(3) of the NYLL, N.Y. Lab. Law § 190(3).

16.   Upon information and belief, at all times relevant herein, the Corporate Defendants were each an "enterprise" and performed activities for a business purpose within the meaning of 29 U.S.C. §§ 203(r)(1) and (r)(2), due to their operation of a restaurant and bar.

17.   Upon information and belief, at all times relevant herein, Defendant **OAKLAND'S RESTAURANT, INC.** employed more than two (2) employees and had a gross annual dollar volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) due to their operation of a restaurant and bar.

18.   Upon information and belief, at all times relevant to the Complaint, each Defendant employed more than two (2) employees engaged in interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A) in connection with their operation of a restaurant and bar.

19.   Upon information and belief, at all times relevant to the Complaint, each Defendant employed employees, including Plaintiff, who regularly were and are presently engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of 29 U.S.C. § 203(b), (g), (i) and (j) in connection with their operation of a restaurant and bar

4

a.

20. Defendants are collectively "joint employers" within the meaning of the Fair Labor Standards Act and 29 C.F.R. § 791.2.

## IV.   COLLECTIVE ACTION ALLEGATIONS

21. This action is properly maintainable as a collective action pursuant to 29 U.S.C. § 216(b).

22. This action is brought on behalf of Plaintiff and a class consisting of similarly situated employees all of whom work or have worked for Defendants.

23. At all relevant times, Plaintiff and other FLSA collective action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, are and have been subject to Defendants' decisions, policies, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay at a rate of one and one-half (1.5) times their regular hourly rate for all hours worked in excess of forty (40) hours per week and minimum wages for all hours worked.

24. Upon information and belief, there are many current and former employees who are similarly situated to Plaintiff, all of whom have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of Defendants' current and former employees' interests as well as his own interests in bringing this action.

25. Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. § 216(b)

5

on behalf of himself and all similarly situated persons who work or have worked for Defendants at any time during the six (6) years prior to the filing of their respective consent forms.

26.   Plaintiff and potential Plaintiffs who elect to opt-in as part of the collective action are all victims of Defendants' common policy and/or plan to violate the FLSA by failing to provide overtime wages, at the rate of one and one-half (1.5) times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

27.   The Collective Action Members are similarly situated to Plaintiff in that they were each employed by Defendants as non-exempt employees and were systematically denied overtime premium pay for hours worked beyond forty (40) in each workweek.

The exact number of such individuals in presently unknown but is known by Defendants and can (and will) be ascertained in the course of discovery.

## V.     FACTS

28.   Plaintiff repeats and realleges each and every allegation contained herein.

29.   Defendants operate a seasonal restaurant and bar whose hours fluctuate based upon the time of the year (the "Restaurant").

30.   Defendants' Restaurant is closed, other than for special events, from January 1, through the week before Easter each year.

31.   From the week before Easter until Mother's day weekend, Defendants' only operate the indoor portion of the Restaurant. Moreover, the indoor portion of

the Restaurant is only open on Fridays, Saturdays, and Sundays.

32. Beginning Mother's Day weekend and through Father's Day weekend, the indoor portion of the restaurant is open seven (7) days per week and the outdoor bar is open on Fridays, Saturdays, and Sundays.

33. The Restaurant's peak season was from Father's Day weekend through the Tuesday after Labor Day each year.

34. During its peak season, the Restaurant operated its inside portion and outdoor bar seven (7) days per week.

35. From the Tuesday after Labor Day through September each year the Restaurant only operated its outdoor bar on Fridays, Saturdays, and Sundays.

36. The Restaurant shuts down its outdoor bar around the beginning of October and only continues to operate the indoor portion of the Restaurant.

37. The Restaurant keeps a reduced indoor schedule for October each year, before closing to the general public in or around the beginning of November.

38. In November and December, the Restaurant's operations are limited to special events, such as holiday parties or events.

39. The Restaurant would then remain closed until it opened in a reduced capacity the following year, one week before Easter.

40. Plaintiff was hired by Defendants in or around 2007 as a bartender.

41. Plaintiff was employed as a bartender until he resigned from employment in or around June of 2020.

42. Plaintiff was hired as an hourly employee.

43. At all times relevant herein, Plaintiff received compensation at a rate of $7.50 per hour plus tips.

44. However, prior to 2019, Plaintiff was not paid for all hours worked.

45. Rather, Plaintiff was only paid for the first forty (40) hours worked and did not receive compensation, other than tips, for any hours worked thereafter.

46. Even in 2019, Plaintiff was not properly compensated.

47. In 2019, Plaintiff's wage rate of $7.50 per hour is less than the tipped minimum wage rate required by New York State's Hospitality Industry Wage Order.

48. Moreover, at all times relevant herein, Defendants failed to issue to Plaintiff spread of hours pay for shifts in which his spread of hours exceeded ten (10) hours.

49. Plaintiff's schedule fluctuated based upon the needs of the business.

50. Accordingly, the number of hours worked by Plaintiff varied based upon the time of the year.

51. From the Restaurant's opening in late March/early April through Mother's Day weekend, Plaintiff worked one (1) to two (2) shifts at the Restaurant's indoor bar from 11:30 a.m. until 11:30 p.m. on either Friday, Saturday, or Sunday.

52. From Mother's Day weekend to Father's Day weekend, Plaintiff worked each Friday, Saturday, and Sunday at the Restaurant's outdoor bar.

53. During this time, Plaintiff's Friday and Saturday shifts were from around 10:00 a.m. until 12:00 a.m. and his Sunday shifts were from around 10:00 a.m. to between 11:00 and 11:30 p.m.

54. During Defendants' peak season, from Father's Day weekend until the Tuesday after Labor Day, Plaintiff regularly worked each Wednesday, Thursday, Friday, Saturday, and Sunday.

55. However, there were also occasions the necessitated that Plaintiff work seven (7) days in a week.

56. For example, if July 4 fell on a Monday or Tuesday, Plaintiff would be required to work both days in addition to his regular schedule.

57. Also, Plaintiff might be required to work additional days if Defendants' marina was hosting a special event, such as a fishing tournament.

58. During the Restaurant's peak season, Plaintiff's Monday, Tuesday, Wednesday, Thursday, and Sunday shifts began around 10:00 a.m. and ended around 12:00 a.m.

59. Plaintiff's Friday and Saturday shifts during the Restaurant's peak season began at 10:00 a.m. and ended between 1:30 and 2:00 a.m.

60. Upon the conclusion of the Restaurant's peak season, Plaintiff's schedule changed to three (3) days per week, Friday, Saturday, and Sunday.

61. During this time, Plaintiff's Friday and Saturday shifts were from around 10:00 a.m. until 12:00 a.m. and his Sunday shifts were from around 10:00 a.m. to between 11:00 and 11:30 p.m.

62. Plaintiff generally worked one (1) or two (2) Friday, Saturday, or Sunday shifts each week in the month of October in addition to bartending Defendants' Halloween party.

63. For the rest of the year, Plaintiff only worked if he was asked to work a special event, such as a holiday party.

64. If Plaintiff worked a special event he was instructed not to clock in because he would only receive tips as compensation.

65. Upon information and belief, during the Restaurant's peak season, Plaintiff regularly worked between sixty (60) and eighty (80) hours each week.

66. For the remainder of the year, Plaintiff typically worked less than forty (40) hours each week.

67. Despite regularly working more than forty (40) hours each week of his employment, prior to 2019, Plaintiff did not receive any wages after the first forty (40) hours that he worked each week.

68. Accordingly, Plaintiff did not receive overtime compensation for any year he worked prior to 2019.

69. Furthermore, Plaintiff was not compensated at the minimum wage rate for all hours worked prior to 2019.

70. In 2019, Defendants began to pay Plaintiff for the hours he worked in excess of forty (40) hours, however, they failed to compensate him at the minimum wage rate.

71. Further, at all times relevant herein, Defendants failed to pay Plaintiff spread of hours pay for his shifts that exceeded ten (10) hours.

72.    At all times relevant herein, Plaintiff performed the essential functions of his various positions in a more than satisfactory manner and satisfied all conditions precedent to payment.

73.    At all times relevant herein, Plaintiff did not receive an uninterrupted meal break of at least thirty (30) minutes.

74.    During Plaintiff's tenure, Defendants also failed to provide him with written notice of his wage rate, in accordance with the New York State Wage Theft Prevention Act, NYLL § 195.

75.    Furthermore, Defendants failed to provide Plaintiff with a written wage statement, in accordance with the New York State Wage Theft Prevention Act, NYLL § 195.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Failure to Pay Overtime – FLSA Violation)

76.    Plaintiff repeats and realleges each and every allegation contained herein.

77.    Defendants are each an "employer", within the meaning contemplated, pursuant to 29 U.S.C. § 203(d).

78.    Plaintiff is an "employee" within the meaning contemplated, under 29 U.S.C. § 203(e).

79.    Pursuant to 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the

11

production of goods for commerce, for a workweek longer than forty (40) hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

80. Plaintiff regularly worked in excess of forty (40) hours per week during certain periods of his employment.

81. However, Plaintiff did not receive overtime compensation at the rate of one and one-half (1.5) times his regular rate of pay for all hours worked in excess of forty (40) hours in any given week.

82. Consequently, by failing to pay overtime compensation, Defendants violated the governing provisions of the FLSA.

83. Upon information and belief, Defendants' failure to pay overtime compensation was willful.

84. By the foregoing reasons, Defendants are liable to Plaintiff in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
### (Failure to Pay Overtime – New York Labor Law Violation)

85. Plaintiff repeats and re-alleges each and every allegation contained herein.

86. Defendants are each an "employer", within the meaning contemplated, pursuant to NYLL Article 19 § 651(6) and the supporting NYDOL Regs.

87. Plaintiff is an "employee" within the meaning contemplated, pursuant to 12

NYCRR §142-2.14 and the supporting NYDOL Regs.

88.   12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

89.   Plaintiff regularly worked in excess of forty (40) hours per week during certain periods of his employment.

90.   However, Plaintiff did not receive overtime compensation at the rate of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) hours in any given week.

91.   Consequently, by failing to pay to overtime compensation, Defendants violated 12 NYCRR § 142-2.2.

92.   By the foregoing reasons, Defendants violated 12 NYCRR § 142-2.2 and are liable to Plaintiff, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

## THIRD CLAIM FOR RELIEF
### (Failure to Pay Minimum Wage – NYLL Violation)

93.   Plaintiff repeats and realleges each and every allegation contained herein.

94.   During Plaintiff's tenure, Defendants failed to compensate him at the applicable minimum wage for all hours worked.

95.   Defendants are each an "employer", within the meaning contemplated, pursuant to NYLL Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

96.   Plaintiff is an "employee" within the meaning contemplated, pursuant to

NYLL Article 19 § 651(5) and the supporting New York State Department of Labor Regulations.

97. 12 NYCRR § 142-2.1 requires that "[t]he minimum wage shall be paid for the time an employee is permitted to work, or is required to be available for work at a place prescribed by the employer."

98. NYLL Article 19 § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorneys' fees."

99. Plaintiff did not receive the statutory minimum wage for all hours worked.

100. Consequently, by failing to pay the statutory minimum wage, Defendants violated the New York Labor Law § 190, et seq.

101. By the foregoing reasons, Defendants are liable to Plaintiff an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

102. Upon information and belief, the records concerning the number of hours worked by Plaintiff as well as the compensation Plaintiff received in each workweek are in the exclusive custody and control of Defendants.

### FOURTH CLAIM FOR RELIEF
### (Failure to Pay Spread of Hours Pay – New York Labor Law Violation)

103. Plaintiff repeats and realleges each and every allegation contained herein.

104. Defendants are each an employer, within the meaning contemplated, under

14

NYLL Article 19 § 651(6) and the supporting NYDOL Regs.

105. Plaintiff is an employee within the meaning contemplated, under NYLL Article 19 § 651(5) and the supporting NYDOL Regs.

106. 12 NYCRR § 142-2.4 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which . . . the spread of hours exceeds 10 hours [in a day]."

107. Upon information and belief, Defendants failed to pay Plaintiff an additional hour's pay when he worked more than ten (10) hours in a day.

108. Plaintiff regularly worked in excess of ten (10) hours per day at less than the minimum wage rate.

109. Consequently, by failing to pay an additional hour's pay when Plaintiff worked more than ten (10) hours in a day, Defendants violated 12 NYCRR § 142-2.4.

110. By the foregoing reasons, Defendants violated 12 NYCRR § 142-2.4 and are liable to Plaintiff in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### FIFTH CLAIM FOR RELIEF
### (New York Wage Theft Prevention Act Violation)

111. Plaintiff repeats and realleges each and every allegation contained herein.

112. The New York Wage Theft Prevention Act requires employers, upon hire, to "notify his or her employees, in writing, at the time of hiring of the rate of pay and of the regular pay day designated by the employer in accordance with

15

section one hundred ninety-one of this article, and obtain a written acknowledgement from each employee of receipt of this notice. Such acknowledgement shall conform to any requirements established by the commissioner with regard to content and form. For all employees who are eligible for overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by law or regulation, the notice must state the regular hourly rate and overtime rate of pay."

113. Defendants did not provide Plaintiff with a wage notice as required by NYLL § 195.

114. Consequently, Plaintiff, did not sign an acknowledgment confirming receipt of said notice, as required by NYLL § 195.

115. For the foregoing reasons, Defendants violated NYLL § 195 and are subject to the maximum penalty for violations NYLL § 195.

## SIXTH CLAIM FOR RELIEF
### (Failure to Provide Wage Statements – New York Labor Law Violation)

116. Plaintiff repeats and realleges each and every allegation contained herein.

117. Defendants failed to supply Plaintiff with an accurate statement of wages as required by N.Y. Lab. Law § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the

number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

118. Due to Defendants' violations of N.Y. Lab. Law § 195, for each work day that Defendants failed to provide a proper wage statement, Plaintiff is entitled to damages of $250, or a total of $5,000, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

## V.    DEMAND FOR JURY TRIAL

119. Plaintiff hereby demands a trial by jury.

**WHEREFORE**, as a result of the unlawful conduct and actions of Defendants herein alleged, Plaintiff respectfully requests this Court grant the following relief:

a) On the First, Second, Third, and Fourth Claims for Relief, an award of Plaintiff's actual damages in an amount to be determined at trial plus interest;

b) On the Fifth and Sixth Claims for Relief, an award up to the maximum penalty for violations NYLL § 195;

c) Order Defendants pay Plaintiff a reasonable sum for expenses pursuant to the NYLL §§ 198 and 12 NYCRR §142-2.2;

d) Declare Defendants violated the FLSA and NYLL;

e) Enjoin Defendants from further acts in violation of the FLSA and NYLL;

f) An award of liquidated damages where allowed by statute;

g) Defendants be ordered to pay Plaintiff pre and post judgment interest;

h) Defendants to pay all costs and disbursements of this action, including

17

Plaintiff's attorneys' fees; and

i)   Order such other and further relief as may be just and proper.

Dated:      Bohemia, New York
            July 22, 2020

ZABELL & COLLOTTA, P.C.
*Attorneys for Plaintiff*

By:      _____
         Christopher K. Collotta, Esq.
         Ryan M. Eden, Esq.
         1 Corporate Drive, Suite 103
         Bohemia, NY 11716
         Tel. (631) 589-7242
         Fax (631) 563-7475
         ccollotta@laborlawsny.com
         reden@laborlawsny.com

18